a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JAMES TOWNSEND #200890,<br>Plaintiff | CIVIL DOCKET NO. 5:22-CV-00041<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS,<br>JR. |
| JULIAN C WHITTINGTON ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner James Townsend ("Townsend"). Townsend is an inmate incarcerated at the Bossier Parish Maximum Security Jail in Plain Dealing, Louisiana. He challenges a conviction and sentence imposed in the 26th Judicial District Court, Bossier Parish.

Because Townsend has not exhausted his claims in the state courts, his Petition should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

Townsend alleges that he pleaded guilty to four misdemeanors in exchange for the dismissal of a felony charge. ECF No. 1 at 2. He believed he would receive a sentence of time served. Townsend alleges that he should have been released the date he pleaded guilty – October 7, 2021.

1

II.  **Law and Analysis**

Before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). A prisoner's claims must be presented in a manner that alerts each court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29-32.

The post-conviction process in Louisiana requires the presentation of claims on an appropriate form in the state trial court. La.Code Crim. P. art. 925 *et seq*. Review of the trial court's ruling may be sought in the appellate court and the Louisiana Supreme Court by application for a writ of review. La.Code Crim. P. art. 930.6; La. S.Ct. Rule X § 5; La.App. Rule 4–1 *et seq.*; *Wright v. Michael*, 13-CV-5063, 2014 WL 7369675, at *9, n. 19 (E.D. La. 2014).

Townsend admits that he has not raised his federal claims in the Louisiana state courts. ECF No. 1. He must fairly present the same claims and legal theories that he raises in his § 2254 Petition to each of the state courts, including the Louisiana Supreme Court, in a procedurally proper manner to satisfy the exhaustion requirement.

Dismissal of Townsend's federal petition for lack of exhaustion is warranted so that he can fully exhaust his state remedies and then return to this Court after exhaustion has been accomplished. *See Thompkins v. Ford*, 2018 WL 3545164, at *3 (E.D. La. 2018).

### III. Conclusion

Because Townsend has not pursued post-conviction relief in the state courts, IT IS RECOMMENDED that his Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of exhaustion.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 3, 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE